IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BRUCE GIBSON**, | : |
| *Plaintiff*, | : |
| v. | : Case No. 1:23-cv-000695-JPH |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA**, | : Judge Jeffery P. Hopkins |
| *Defendant*. | : |

## MEMORANDUM ORDER

This matter is before the Court on Defendants' Unopposed Motion to File the Administrative Record Under Seal (the "Motion"). Doc. 8.

### I. BACKGROUND

This case arises under the Employee Retirement Income Security Act of 1974, as amended ("E.R.I.S.A."), 29 U.S.C §§ 1001, et seq., to recover benefits due under employee benefit plans, to clarify Plaintiff's rights to future benefits under those plans, and to recover attorneys' fees and costs. Doc. 1, PageID 1.

Plaintiff worked as a packaging operator with Boston Beer Company at the Samuel Adams facility in Cincinnati, Ohio. *Id.* at PageID 2. Throughout his employment, Plaintiff maintains that he was a participant in the long-term disability ("LTD") and life insurance policies (the "Policy" or "Plan") sponsored by Boston Beer Company. *Id.* Plaintiff avers that his job required constant physical exertion, because of which he developed chronic disabilities, including severe knee, hip, ankle, elbow, and back pain. Doc. 1, PageID 2–3. Plaintiff terminated his employment in August 2016 due to these conditions and began using

1

a cane. *Id*. at PageID 3–4. Plaintiff alleges that Unum Life Insurance Company of America ("Unum") thereafter approved his short-term and long-term disability benefit claims under the Plan in February 2017. *Id*. at PageID 4. In March 2019, Plaintiff was notified that his additional claim for social security disability ("SSD") benefits had been approved, reducing the total amount of LTD benefits paid to Plaintiff by Unum. *Id*.

Plaintiff alleges that, after the approval of his SSD benefits, Unum began "surveilling" him to determine whether he had the capacity to perform the demands of a sedentary occupation, notwithstanding his chronic conditions. *Id*. at PageID 4–5. The Complaint avers that Unum determined that the nature and extent of Plaintiff's injuries were permanent and offered to pay Plaintiff $45,000 as settlement for his future LTD benefits—an offer Plaintiff did not accept. *Id*. at PageID 5. In April 2022, Plaintiff, claiming that the combined SSD and reduced LTD benefits were "insufficient," then contacted Unum to inquire about earning additional part-time income while continuing to receive LTD benefits. *Id*. Plaintiff alleges that Unum advised him that the Policy allowed for a return to work on a part-time basis. *Id*. at PageID 6.

Plaintiff states that Unum thereafter "ordered surveillance" on him again. *Id*. Unum allegedly relied on the new surveillance report, "concluding that [Plaintiff's] weight loss and surveillance showing that he did not use a cane … were inconsistent with his reported limitations," to "arbitrarily and capriciously" deny Plaintiff his LTD benefits and waiver of life insurance premiums. *Id*. at PageID 7–8. Plaintiff claims that Unum's conclusions were "heavily biased" and that the medical professionals consulted did not "provide independent evaluations." *Id*. at PageID 8. On October 25, 2023, Plaintiff brought the instant action.

Defendant Unum now moves for authorization to file the administrative record (the "Record") under seal. Doc. 8, PageID 44. The Motion is unopposed and ripe for adjudication.

## II. STANDARD OF REVIEW

A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record…[including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (citing *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

To meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). The moving party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176.

### III. ANALYSIS

This Court recognizes that its supervisory power over records and its discretion to seal are limited by the right of the public to such information. *See id*. at 1178–80. This presumption in favor of access to court records can nonetheless be overcome upon a requesting party's showing of compelling, superseding, and narrowly tailored reasons for a record to be filed under seal. *Shane Grp.*, 825 F.3d at 305. As set forth below, the Court finds that Unum has satisfied these factors so as to warrant the requested filing of the Record under seal.

#### a. Compelling Reasons Exist to Support Protecting the Record Under Seal.

Unum has demonstrated a compelling interest to seal the Record. The Sixth Circuit recognizes that "[c]ontent-based exceptions to the right of [public] access [to court records]…protect competing interests," including "certain privacy rights of participants or third parties." *Brown & Williamson*, 710 F.2d at 1179. Courts have justified the sealing of documents where the documents contain highly sensitive medical information. *See Siefert v. Hamilton Cnty. Bd. of Commissioners*, No. 1:17-cv-511, 2017 WL 4156210, at *2 (S.D. Ohio Sept. 18, 2017) ("Based upon the highly sensitive nature of the allegations contained in the complaint, which include many details intimately related to medical care received by a minor, the Court finds that there is significant justification for preventing disclosure of the complaint to the public."). Here, Unum similarly asserts that the Record "largely contains [Plaintiff's] confidential personal and/or medical information." Doc. 8, PageID 44. Plaintiff also views this sensitive information as "confidential" and does not oppose the Motion. *Id*. And because HIPAA regulations require confidentiality for patient health information, *see* 42 U.S.C. § 1320d et seq., it is clear that compelling reasons exist to support protecting the Record under seal.

4

### b. The Interest in Sealing Outweighs the Public's Interest in Accessing the Records.

The Court finds no countervailing public interest favoring disclosure here. Whether the "case [is] of great importance to the public" informs the balancing of the public interest as weighed against the privacy interests of the moving party. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307 (6th Cir. 2016). Courts consider whether the case concerns public health and safety and whether "members of the public are also parties to the [case]." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (finding no abuse of discretion where a district court considered whether the at-issue documents were of "great public interest, particularly to drivers concerned about their safety"); *see also Shane Grp.*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (finding that because "some members of the public are also parties to the class action,…the test for overriding the right of access should be applied…with particular strictness.")).

After considering the public's interest in disclosure, the Court finds that the right of the public to access the Record is overcome by the Plaintiff's asserted privacy interests. This case does not concern public health and safety. Rather, it is a private dispute regarding a claim for LTD benefits and waiver of life insurance premiums under ERISA between an individual plaintiff and the claim administrator of his employer-sponsored employe welfare benefit plan. Doc. 1, PageID 2. No member of the broader public is a party to the case. And the at-issue Record contains sensitive, private data regarding Plaintiff's medical conditions and financial information. Doc. 8, PageID 45. Therefore, Unum has satisfied its burden to demonstrate that the interest in sealing the Record outweighs the public's interest in accessing the Plaintiff's private information.

    **c. The Request to Seal is Narrowly Tailored.**

This Court finds that there is no more narrow way to tailor Unum's Motion. While the Court acknowledges partial redaction as an alternative measure, the Court recognizes the necessity of sealing documents in their entirety if "confidential information is pervasive" throughout the at-issue records. *The Goodyear Tire & Rubber Co. v. Conagra Foods, Inc.*, No. 2:20-CV-6347, 2021 WL 2910270, at *2 (S.D. Ohio July 12, 2021).

Here, Unum has made a reasonable showing that its Motion is "no broader than necessary." *Shane Grp.*, 825 F.3d at 305. Unum asserts that the Record "contains all the medical, personal, and financial information that Plaintiff submitted in support of his disability claim, and Unum's administration of the claim consistently refers to that information." Doc. 8, PageID 45. In this instance, partial redactions may render the documents meaningless and may obfuscate an understanding of Unum's policies and procedures. Thus, the Court finds that sealing the Record in its entirety "is no broader than necessary" and that the request itself is narrowly tailored.

**IV. CONCLUSION**

For the reasons set forth herein, Defendants' Unopposed Motion to Seal Documents (Doc. 8) is hereby **GRANTED**.

    **IT IS SO ORDERED.**

<u>November 6, 2024</u>

                                                  Jeffery P. Hopkins
                                                 United States District Judge